**In the Matter of Sharon L. McQUINN, Debtor.**

**Sharon L. McQUINN, Plaintiff,**

v.

**DIAL FINANCE CO., and First National Bank of Omaha, Defendants.**

**Bankruptcy No. BK80–611. No. A80–249.**

United States Bankruptcy Court, D. Nebraska.

Nov. 10, 1980.

includes costs such as dealer overhead, salesman's· commissions, and profit which the debtor should not be required to pay in this type of transaction. I find that those costs total $1,000.00. Therefore, the debtor should be permitted to redeem for $1,800.00. See *Ford Motor Credit v. Miller, supra.*

Ted N. Sleder, Omaha, Neb., for debtor/plaintiff.

Dennis J. Green, Omaha, Neb., for defendant, First Nat. Bank of Omaha.

## MEMORANDUM OPINION

DAVID L. CRAWFORD, Bankruptcy Judge.

The debtor wishes to redeem a 1968 mobile home. The sole issue in this proceeding is the value of the home. The expert witnesses were in substantial agreement as to the retail value, which I find to be $2,800.00. However, the Bankruptcy Code does not necessarily contemplate that debtors should pay retail value in order to redeem property.

Section 722 of the Bankruptcy Code permits debtors to redeem by paying lienholders the amount of the allowed secured claim. Section 506(a) of the Code states that the value of an allowed secured claim "shall be determined in light of the purpose of the valuation and of the proposed disposition or use . . ." of the collateral. In this case, the purpose of the valuation is to give the debtor the first right to purchase property which would otherwise simply be repossessed and sold to someone else. H.R. Rep.No. 95–595, 95th Cong., 1st Sess. 380–81 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6336.

I find that the debtor should pay the replacement value which the collateral has for her. *Ford Motor Credit v. Miller,* 4 B.R. 392, 6 Bkrtcy.Ct.Dec. 410 (S.D. Cal. 1980). However, the retail value of the collateral

